IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Janis Kaighn and Gregory R. Kaighn, ) | No.  CV-16-08079-PCT-SPL |
| ) | |
| Plaintiffs, ) | **ORDER** |
| vs. ) | |
| ) | |
| United States of America, et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Before the Court are *pro se* Plaintiffs Janis Kaighn and Gregory R. Kaighn's Complaint (Doc. 1), Ex Parte Motion for Temporary Restraining Order (Doc. 2), Motion for Preliminary Injunction (Doc. 3), and Motion Seeking Issuance of Arrest Warrants (Doc. 5). For the following reasons, the Complaint will be dismissed and Plaintiffs' motions will be denied.

**I.    Background**

On February 1, 2016, Plaintiffs filed a Motion for Leave to File an Original Action and Emergency Application before the United States Supreme Court, *Kaighn v. United States,* Case No. 15M95. (Docs. 1 ¶ 10; 1-1.) Plaintiffs named the United States of America, the State of Israel, Benjamin Netanyahu, the Federal Republic of Germany, the State of Arizona, the State of California, the Republican Party, the Arizona Republican Party, and the California Republican Party as defendants, and sought to enjoin and declare unconstitutional numerous state and federal statutes in an effort to end "the ongoing conspiracy to overthrow the duly elected government of the United States of

America." (Doc. 1-1 at 11.)

Plaintiffs purport that they received a letter from the Clerk of Court of the Supreme Court dated February 2, 2016, entitled "RE: Janis Kaighn et vir., v. Obama, President of U.S., et al.," in which the Clerk rejected Plaintiffs' filings for lack of original jurisdiction over the action. (Docs. 1 ¶¶ 10-12; Doc. 1-4 at 10.) After receiving the letter, Plaintiffs allege they resent their filings, which the Supreme Court received on February 16, 2016, but allegedly backdated the date of refiling to February 13, 2016. (Docs. 1 ¶ 11; 1-4 at 4-11.)

On February 13, 2016, Plaintiffs claim that they were visited at their home by a United States Marshal, a special agent of the FBI, and an officer of the Prescott Police Department, in order to "threaten plaintiffs into dismissing their case." (Doc. 1 ¶ 13.) Refusing to dismiss their suit, Plaintiffs "had to 'throw' the aforementioned law enforcement officers out of their home." (Doc. 1 ¶ 13.)

On or about March 13, 2016, Plaintiffs filed a "Notice of Political Assassination of Associate Justice Antonin Scalia" and "Emergency Application for Arrest Warrant for Supreme Court Clerk Scott Harris." (Doc. 1-4 at 4-7.) Plaintiffs claimed, among other things, that there was an apparent nexus between the Clerk's dismissal of their case and the passing of Justice Scalia which served as "more than sufficient probable cause to arrest [Clerk of Court] Scott Harris for the murder and assassination of Associate Justice Antonin Scalia." (Doc. 1-4 at 7.) The Supreme Court dismissed Plaintiffs' action on March 28, 2016.[1]

Plaintiffs claim that as "payback," misdemeanor criminal charges were filed against Gregory Kaighn on April 11, 2016. (Doc. 1 ¶ 15.) The Prescott Municipal Court's online public docket reflects that the April 11, 2016 criminal charge for assault is currently pending. *See* Attached - Public Docket for *State of Arizona v. Kaighn*, Prescott Municipal Court Case. No. M-1343-CM-2016000300.[2]

---

[1] *See*   http://www.supremecourt.gov/search.aspx?filename=/docketfiles/15m95.htm (*last accessed* Apr. 27, 2016).
[2] *Available at* https://apps.supremecourt.az.gov/publicaccess/caselookup.aspx (*last accessed* Apr. 27, 2016).

1    Plaintiffs filed a Complaint in the District of Arizona (Doc. 1) commencing the

2    instant action against the United States of America, the State of Arizona, the City of

3    Prescott, the Prescott City Court, the County of Yavapai, Yavapai County Attorney

4    Sheila Polk, Prescott City Attorney Jon Paladini, Prescott Deputy City Attorney Glenn

5    Savona, and City of Prescott Deputy Police Chief Andy Reinhardt. In the Complaint,

6    Plaintiffs bring four claims for relief.

7    In Claim One, Plaintiffs bring a claim pursuant to 42 U.S.C. § 1983 against the

8    United States, the State of Arizona, the City of Prescott and all of its subdivisions,

9    Yavapai County and all of its subdivisions, and the individual "official capacity"

10   defendants, seeking temporary, preliminary, and permanent injunctive relief enjoining

11   them from violating their constitutional rights and enjoining any and all pending criminal

12   investigations and prosecution. Plaintiffs claim that "[t]he Supreme Court Clerk and the

13   Arizona law enforcement personnel have acted in concert with one another" (Doc. 1 ¶

14   14), colluding in the murder of Justice Scalia and the filing of false misdemeanor

15   criminal charges against Gregory Kaighn. (Doc. 1 ¶¶ 14-15, 18, 37-41.) In Claims Two,

16   Three, and Four, Plaintiffs again seek to enjoin and declare various state and federal

17   statutes unconstitutional. (Doc. 1 ¶¶ 42-79.) Plaintiffs seek to enjoin and/or declare

18   unconstitutional, at minimum: the Presidential Directive 51 (Executive Orders 51 and

19   20); the National Emergencies Act, 50 U.S.C. §§ 1601-1651; the Patriot Act, 50 U.S.C.

20   §§ 1801-1885c; the Homeland Security Act, 6 U.S.C. §§ 101-1445; the Federal Reserve

21   Act, 12 U.S.C. §§ 221-521; Arizona Revised Statutes §§ 16-166(F), 16-462, 16-579, 11-

22   1051(B); as well as Article 30 and Article 2, Section 3 of the Arizona Constitution.

23   Plaintiffs further seek an injunction prohibiting further violations of the Voting Rights

24   Act of 1965, 52 U.S.C. § 10101, and for "appointment of Federal Observers for Arizona

25   elections, and for the Court to take jurisdiction over Arizona's election process." (Doc. 1

26   ¶ 79.)

27   **II.    Pleading Standard**

28   Under Rule 8 of the Federal Rules of Civil Procedure, a complaint must include:

(1) "a short and plain statement of the grounds for the court's jurisdiction;" (2) "a short and plain statement of the claim showing that the pleader is entitled to relief;" and (3) "a demand for the relief sought." Fed. R. Civ. P. 8(a). The short and plain statement for relief "need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Rule 8 however, "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and "conclusory allegations of law and unwarranted inferences are not sufficient," *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). Respectively, the allegations must also "be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). Where a complaint contains the factual elements of a cause, but those elements are scattered throughout the complaint without any meaningful organization, the complaint does not set forth a "short and plain statement of the claim" for purposes of Rule 8. *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 640 (9th Cir. 1988). Thus, a complaint may be dismissed where it lacks a cognizable legal theory, lacks sufficient facts alleged under a cognizable legal theory, or contains allegations disclosing some absolute defense or bar to recovery. *See Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988); *Weisbuch v. County of L.A.*, 119 F.3d 778, 783, n. 1 (9th Cir. 1997).

## III. Discussion

As follows, Claim One of Plaintiffs' Complaint is subject to dismissal under *Younger*, while Claims Two, Three, and Four are subject to dismissal as barred on sovereign immunity grounds. In the alternative, the Complaint is subject to dismissal without leave to amend because all four claims are frivolous.

### A. *Younger* Abstention

First, abstention from adjudicating Plaintiffs' federal claim for injunctive and declaratory relief in Claim One is appropriate under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* stands for the principle that federal courts sitting in equity cannot enjoin

pending state criminal proceedings. *ReadyLink Healthcare, Inc. v. State Compensation Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014). "[A]bstention in favor of state judicial proceedings [under *Younger*] is required if the state proceedings (1) are ongoing, (2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to litigate federal claims." *Hirsh v. Justices of the Supreme Court of the State of Cal.*, 67 F.3d 708, 712 (9th Cir. 1995). If three elements of the *Younger* test are satisfied, abstention is warranted absent application of one of the narrow exceptions. "[E]quitable intervention in a state criminal trial" may be justified "[1] where there is a showing of bad faith or harassment by state officials responsible for the prosecution, [2] where the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions, or [3] where there exist other extraordinary circumstances in which the necessary irreparable injury can be shown." *Kugler v. Helfant*, 421 U.S. 117, 124 (1975) (internal citations and quotations omitted). *See also Huffman v. Pursue, Ltd.*, 420 U.S. 592, 611 (1975); *Carden v. Montana*, 626 F.2d 82, 84 (9th Cir. 1980). "[B]ad faith… generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler*, 421 U.S. at 126 n. 6. If no exception applies and *Younger* abstention is appropriate, the Court "must dismiss" the federal claim or action. *Baffert v. Cal. Horse Racing Bd.*, 332 F.3d 613, 617 (9th Cir. 2003).

Here, the ongoing state criminal proceeding implicates important state interests. *See Gilbertson v. Albright*, 381 F.3d 965, 970 (9th Cir. 2004) (observing that *Younger* originally applied to prevent federal interference with state criminal proceedings). Even if Plaintiffs have yet to attempt to present their federal claim in the state proceeding, the Court "assume[s] that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 15 (1987). Further, Plaintiffs have not demonstrated that one of the narrow exceptions applies and "extraordinary circumstances" are present. The Court presumes that Plaintiffs believe they have been harassed as part of a conspiracy, and that the subsequent

1    prosecution of Gregory Kaighn was undertaken in bad faith. However, under the

2    circumstances claimed, the Court cannot plausibly arrive at that conclusion and

3    reasonably find that the criminal charge was filed "without hope of obtaining a valid

4    conviction." *Carden*, 626 F.2d at 84. Therefore, *Younger* compels that abstention is

5    appropriate and warrants dismissal of Claim One.  *See Gilbertson*, 381 F.3d at 975

6    (where the federal court refrains from enjoining a state criminal proceeding it "should

7    also refrain from exercising jurisdiction in actions for declaratory relief because

8    declaratory relief has the same practical impact as injunctive relief on a pending state

9    proceeding as a result of the preclusive effect of the federal court judgment").

10          **B.      Sovereign Immunity**

11          Second, as to Plaintiffs' remaining claims against the United States in Claim Two

12   and the State of Arizona in Claims Three and Four, Plaintiffs have failed to establish that

13   Defendants have consented to suit and waived sovereign immunity. *See U.S. v. Mitchell*,

14   463 U.S. 206, 212 (1983) (United States may not be sued without its consent and waiver

15   of sovereign immunity); *Pennhurst State Sch. and Hosp. v. Halderman*, 465 U.S. 89, 100

16   (1984) (absent waiver, Eleventh Amendment sovereign immunity bars civil rights

17   violations claims against an State); *Jachetta v. United States*, 653 F.3d 898, 912 (9th Cir.

18   2011) (§ 1983 does not waive sovereign immunity). Therefore, Plaintiffs' remaining

19   claims will be dismissed for lack of jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Fiedler v.*

20   *Clark*, 714 F.2d 77, 78 (9th Cir. 1983) ("a federal court may dismiss *sua sponte* if

21   jurisdiction is lacking") (citing *Mansfield, Coldwater & Lake Mich. R.y. Co. v. Swan*, 111

22   U.S. 379, 382 (1884)); *see also Franklin v. Or. State Welfare Div.*, 662 F.2d 1337, 1342

23   (9th Cir. 1981) (same); *Scholastic Entm't, Inc. v. Fox Entm't Group, Inc.*, 336 F.3d 982,

24   985 (9th Cir. 2003).

25          **C.      Frivolousness**

26          Lastly, dismissal of all four claims is appropriate because they are wholly

27   frivolous. "A paid complaint that is obviously frivolous does not confer federal subject

28   matter jurisdiction, and may be dismissed *sua sponte* before service of process." *Franklin*

*v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) (citations and quotations omitted). *See also Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) ("federal courts are without power to entertain claims otherwise within their jurisdiction if they are 'so attenuated and unsubstantial as to be absolutely devoid of merit.'"); *Omar v. Sea-Land Service, Inc.*, 813 F.2d 986, 991 (9th Cir. 1987) (a non-*in forma pauperis* complaint may be dismissed "*sua sponte*… without notice where the claimant cannot possibly win relief"). Here, while on its face Plaintiffs' Complaint may appear to follow Rule 8 standards, a cursory read of its content plainly shows that the Complaint is frivolous. It lacks an arguable basis in law and the factual allegations of conspiracy are "fanciful," "fantastic," and "delusional." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"); *Neitzke v. Williams,* 490 U.S. 319, 325 (1989) (a "frivolous" claim lacks an arguable basis either in law or in fact; the "term 'frivolous'… embraces not only the inarguable legal conclusion, but also the fanciful factual allegation"). Plaintiffs' allegations do not give rise to a plausible claim for relief. Therefore, dismissal of Plaintiffs' Complaint is also appropriate on this basis.

### D.   Leave to Amend

Under these circumstances, the Court finds that the deficiencies in the Complaint cannot be cured by alleging other additional facts. Consequently, Plaintiffs will not be afforded leave to amend the Complaint. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (when dismissing for failure to state a claim, "a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts") (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Accordingly,

**IT IS ORDERED:**

1. That the Complaint (Doc. 1) is **dismissed with prejudice**;

2. That the Ex Parte Motion for Temporary Restraining Order (Doc. 2), Motion

for Preliminary Injunction (Doc. 3), and Motion Seeking Issuance of Arrest Warrants (Doc. 5) are **denied as moot**; and

       3. That the Clerk of Court shall **terminate** this action and enter judgment accordingly.

       Dated this 27th day of April, 2016.

Honorable Steven P. Logan
United States District Judge